**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JENNA M. GRACE, | DOCKET NUMBER |
| Appellant, | SF-0752-20-0145-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: July 15, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Jenna M. Grace, Ridgecrest, California, pro se.

Antonette Ayers and Brandon M. Barros, China Lake, California, for the
agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which
sustained her removal. For the reasons discussed below, we GRANT the
appellant's petition for review, VACATE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

case to the Western Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed by the agency as a Security Specialist and, as such, was subject to random drug tests. Initial Appeal File (IAF), Tab 4 at 20, 45-48. In September 2019, the appellant was selected for a random drug test and she provided a urine sample. *Id*. at 24, 31. Her sample tested positive for amphetamine and methamphetamine. *Id*.

On November 6, 2019, the agency proposed the appellant's removal on the charge of providing a urine specimen that tested positive for amphetamines/methamphetamines. *Id*. at 31-33. Thereafter, the deciding official sustained the proposed removal. *Id*. at 21-23. The appellant's removal was effective December 10, 2019. *Id*. at 20.

This appeal of the appellant's removal followed. IAF, Tab 1. Among other things, the appellant referenced a November 7, 2019 letter from her primary care physician essentially questioning the validity of the drug test. *Id*. at 5; IAF, Tab 4 at 29. She also asserted that she had been retaliated against, seemingly for filing a grievance and for voicing concerns about certain matters. IAF, Tab 24 at 5-6, 25. Although the appellant requested a hearing, IAF, Tab 1 at 2, the administrative judge cancelled the hearing because the appellant failed to file any prehearing submissions or appear for the prehearing conference, IAF, Tab 21 at 1.

In her initial decision, the administrative judge sustained the appellant's removal. IAF, Tab 25, Initial Decision (ID). She found that the agency proved that the appellant provided a urine sample, that the urine sample tested positive for amphetamine and methamphetamine following reliable and accurate chain of custody and testing procedures, and that there was no legitimate medical explanation for that test result. ID at 6-7. The administrative judge found that the agency accordingly met its burden to prove its charge. ID at 7. In addition,

the administrative judge found that the agency established both nexus and the reasonableness of the penalty. ID at 7-11. The administrative judge further found that the appellant did not raise an affirmative defense. ID at 6.

The appellant has filed a petition for review, asserting that phentermine will result in a false positive, appearing to argue that the agency violated its drug-testing procedures, and referencing a grievance she purportedly filed. Petition for Review (PFR) File, Tab 1 at 4. The agency has filed a response to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge abused her discretion by denying the appellant the right to a hearing.</u>

An administrative judge may impose sanctions as necessary to serve the ends of justice. 5 C.F.R. § 1201.43. Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015).

A hearing should not be denied as a sanction absent extraordinary circumstances. *Hart v. Department of Agriculture*, 81 M.S.P.R. 329, ¶ 5 (1999). Generally, a single failure to comply with an order is insufficient to show a lack of due diligence, negligence, or bad faith in an appellant's compliance with an administrative judge's orders, so as to justify a drastic sanction such as precluding the presentation of evidence at a hearing. *Sims v. U.S. Postal Service*, 88 M.S.P.R. 101, ¶ 7 (2001). In determining whether an administrative judge properly imposed the sanction of denying an appellant a hearing, the Board will consider whether the administrative judge provided the appellant with a show cause order, or some other opportunity, to explain her failure to comply with an order. *See id.*, ¶ 8 (noting that the administrative judge did not provide the appellant with an opportunity to explain his failure to participate in a prehearing conference); *see also Hart*, 81 M.S.P.R. 329, ¶¶ 5-7 (considering the appellant's explanation for failing to participate in a prehearing conference in determining

that the administrative judge abused her discretion in denying the appellant a hearing).

Here, on January 30, 2020, the administrative judge issued an Order and Notice of Hearing and Prehearing Conference. IAF, Tab 8. Among other things, the administrative judge stated in that order that prehearing submissions would be due by February 20, 2020, and that the prehearing conference would be held on February 24, 2020. *Id*. at 2, 4. Then, on February 4, 2020, the administrative judge issued an order rescheduling the hearing and related dates. IAF, Tab 14. The due date for the prehearing submissions was rescheduled to March 12, 2020, and the prehearing conference was rescheduled for March 16, 2020. *Id*. at 1-2.

On March 19, 2020, the administrative judge cancelled the appellant's requested hearing because the appellant failed to file any prehearing submissions and failed to attend the prehearing conference. IAF, Tab 21 at 1. There is no indication that the administrative judge attempted to ascertain the reason for the appellant's failure, and the administrative judge did not explicitly provide the appellant with an opportunity to object to the cancellation of her hearing. Moreover, there is no indication that the administrative judge explicitly notified the appellant that the hearing would be cancelled as a sanction if the appellant failed to provide prehearing submissions and failed to participate in the prehearing conference.

Under these unique circumstances, we find that the administrative judge abused her discretion in cancelling the appellant's requested hearing. We acknowledge that the appellant's failure to file prehearing submissions and participate in the prehearing conference may be characterized as a failure to comply with both the January 30, 2020 order and the February 4, 2020 order. Nevertheless, given the close proximity in time between the two orders, the appellant's apparent compliance with the Board's other orders, and the administrative judge's failure to provide the appellant with an opportunity to explain her failure to comply with the orders at issue, we find that the record is

insufficient to show a lack of due diligence, negligence, or bad faith in the appellant's compliance with the administrative judge's orders so as to justify such a drastic sanction as the cancellation of her requested hearing. *See Sims*, 88 M.S.P.R. 101, ¶ 8 (finding that the appellant's failure to comply with a single order did not warrant the sanction of denying a hearing); *Hart*, 81 M.S.P.R. 329, ¶ 7 (determining that the appellant's inadvertent failure to comply with the administrative judge's order was not an extraordinary circumstance that warranted the extreme sanction of the denial of a hearing). At a minimum, the administrative judge should have provided the appellant with an opportunity to explain her failure to file prehearing submissions and attend the prehearing conference. *See Sims*, 88 M.S.P.R. 101, ¶ 8. Because the administrative judge abused her discretion in imposing the extraordinary sanction of cancelling the appellant's hearing, we vacate the initial decision. *See id.*, ¶ 1.

We observe that, below, the appellant indicated that she found the scheduled videoconference hearing location to be inconvenient for her. IAF, Tab 24 at 6. Furthermore, on review, the appellant raises no challenge to the cancellation of her hearing. PFR File, Tab 1. Accordingly, on remand, the administrative judge should first ascertain whether the appellant still seeks a hearing in this appeal. If the appellant still seeks a hearing in this appeal, the administrative judge should hold a hearing regarding all issues that are relevant to this appeal.[2]

---

[2] On review, the appellant argues that the administrative judge improperly discredited her doctor's medical opinion. PFR File, Tab 1 at 4. In light of our disposition, we need not resolve this issue. However, to the extent resolving the dispositive issues in this case involves weighing competing medical or other expert opinion, the administrative judge should evaluate the evidence under the appropriate standard. *See Lassiter v. Department of Justice*, 60 M.S.P.R. 138, 142 (1993) (finding that the standard for resolving factual disputes and questions of credibility, as set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), is not the most appropriate standard for analyzing the testimony of expert witnesses, and instead setting forth other factors to consider in conducting such an analysis), *overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 9-14; *see also Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981) (identifying several factors to be

<u>The administrative judge erred in finding that the appellant raised no affirmative defenses in this appeal.</u>

Below, the appellant submitted into the record an email in which she asserted that her removal was "completely retaliatory for voicing [her] concerns." IAF, Tab 6 at 4-5. Similarly, in her close of record submission below, the appellant asserted—after referencing a grievance she purportedly filed—that she felt her removal was "completely retaliatory." IAF, Tab 24 at 5-6.

It appears that the appellant was attempting to raise an affirmative defense of retaliation for filing a grievance. *See Melnick v. Department of Housing & Urban Development*, 42 M.S.P.R. 93, 97 (1989) (finding that pro se appellants are not required to plead the issues with the precision required of an attorney in a judicial proceeding), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table). However, the administrative judge found in her initial decision that the appellant raised no affirmative defense. ID at 6.

In *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 17 n.7, the Board held that, when an administrative judge erroneously determined that an appellant abandoned or waived an affirmative defense, and the appellant was not on notice of her burden, a remand will be necessary to provide the appellant with adequate notice of her burden. Here, neither the administrative judge nor the agency provided the appellant with her burden on her potential affirmative defense of retaliation. Thus, we turn to the question of whether the appellant waived or abandoned this affirmative defense.

Under *Thurman*, the Board will consider a nonexhaustive list of factors in determining whether an appellant will be deemed to have waived or abandoned an affirmative defense. *Id.*, ¶ 18. Among the relevant factors are: (1) the thoroughness and clarity with which the appellant raised her affirmative defense; (2) the degree to which the appellant continued to pursue her affirmative defense in the proceedings below after initially raising it; (3) whether the appellant

---

considered in evaluating the probative value of hearsay evidence).

objected to a summary of the issues to be decided that failed to include the potential affirmative defense when she was specifically afforded an opportunity to object and the consequences of her failure were made clear; (4) whether the appellant raised her affirmative defense or the administrative judge's processing of the affirmative defense claim in her petition for review; (5) whether the appellant was represented during the course of her appeal before the administrative judge and on petition for review, and if she was not, the level of knowledge of Board proceedings possessed by the appellant; and (6) the likelihood that the presumptive abandonment of the affirmative defense was the product of confusion, or misleading or incorrect information provided by the agency or the Board. *Id.*

Applying the first factor, we acknowledge that the appellant was neither very clear nor very thorough regarding her claim of retaliation. From an email chain the appellant submitted into the record, it appears the appellant met with the deciding official and a Human Resource Specialist in August 2019. IAF, Tab 24 at 24. In a December 2019 email, the appellant asserted that, during that meeting, she raised her concerns about a dysfunctional and hostile work environment. *Id.* at 25. She then stated that she believed the reason she was "treated so poorly during this process is completely retaliatory for voicing [her] concerns." *Id.* In addition, as previously noted, in her close of record submission, the appellant stated that she felt "this action is completely retaliatory" and she referenced a grievance. *Id.* at 5-6.

Applying the second factor, the degree to which the appellant continued to pursue her affirmative defense in the proceedings below after initially raising it, we note that the appellant referenced filing a grievance in her initial appeal form. IAF, Tab 1 at 4. She referenced retaliation in a subsequent pleading as well as in her close of record submission. IAF, Tab 6 at 4-5, Tab 24 at 6.

Regarding the third factor—whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense

when she was specifically afforded an opportunity to object and the consequences of her failure were made clear—the administrative judge found, in her order and summary of the telephonic prehearing conference, that the appellant did not raise any affirmative defense. IAF, Tab 21 at 2. However, the administrative judge failed to inform the parties that they could object to the order and summary. *Id.*

Applying the fourth factor, whether the appellant raised her affirmative defense or the administrative judge's processing of the affirmative defense claim in her petition for review, the appellant does not specifically raise her affirmative defense on review, although she does reference her alleged grievance. PFR File, Tab 1 at 4. Regarding the fifth factor, we observe that the appellant has been pro se throughout the Board proceedings and there is no reason to believe she is particularly knowledgeable about Board procedure. Concerning the sixth factor, there is no indication that any presumptive abandonment of the affirmative defense was caused by incorrect or misleading information provided by the agency or the Board.

Considering all of the factors above, we find that the appellant raised an affirmative defense which she did not waive or abandon. Accordingly, on remand the administrative judge shall adjudicate this affirmative defense.[3] The administrative judge should also clarify the basis of the appellant's claim of retaliation and apprise her of the burdens and elements of proof of her affirmative defense. *See Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶ 19 (2010). The administrative judge must also afford the parties an opportunity to

_____

[3] On review, the appellant asserts that the deciding official was dishonest and had reprimanded her. PFR File, Tab 1 at 4. The appellant is vague regarding both how the deciding official was allegedly dishonest and how these assertions relate to this appeal. To the extent the appellant is alleging that the deciding official was biased and that her due process rights were violated, we need not consider this argument because the appellant did not raise it below. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

conduct discovery and submit evidence and argument regarding the appellant's affirmative defense of retaliation.[4] *See id.*

If the appellant does not prevail on her affirmative defense on remand, the administrative judge may incorporate into the new initial decision her original findings with respect to the issues of the charge, nexus, and the reasonableness of the penalty, as appropriate, taking into consideration any new testimony or other evidence that the parties introduce.[5] *See id.*

---

[4] On review, the appellant alleges that the agency is "withholding crucial information pertaining to this case," but is vague as to what the information concerns. PFR File, Tab 1 at 4. Moreover, she does not contend that she previously sought via discovery the information allegedly withheld by the agency. *Id.* at 3; *see Armstrong v. U.S. Postal Service*, 28 M.S.P.R. 45, 48 (1985) (finding that, when an appellant fails to take advantage of procedures available to obtain information, including discovery, he may not, on review, claim injury by suggesting that he was hindered in the presentation of his appeal). Nevertheless, on remand she may pursue discovery related to her affirmative defense of retaliation.

[5] As the administrative judge indicated in the initial decision, ID at 10, the appellant appeared to argue that the removal penalty was inconsistent with the penalties that the agency previously levied against similarly situated employees, IAF, Tab 24 at 4. Since the initial decision was issued, the Board has overruled some of its prior case law to clarify that, when analyzing disparate penalty claims, broad similarity between employees is insufficient to establish that they are appropriate comparators, and the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14.

**ORDER**

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.